H. Gabriel MURPHY, Appellant

v.

WASHINGTON AMERICAN LEAGUE BASE BALL CLUB, INC., et al., Appellees.

No. 16119.

United States Court of Appeals District of Columbia Circuit.

Argued March 21, 1961.

Decided June 15, 1961.

Mr. Daniel M. Gribbon, Washington, D. C., with whom Messrs. Joel Barlow, John B. Jones, Jr., and Charles D. Hawley, Washington, D. C., were on the brief, for appellant.

Mr. John E. Powell, Washington, D. C., with whom Messrs. Arthur P. Drury, John M. Lynham and Henry H. Paige, Washington, D. C., were on the brief, for appellees.

Before PHILLIPS, Senior United States Circuit Judge for the Tenth Circuit,* EDGERTON and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

Plaintiff below owns forty percent of the outstanding stock of the Washington American League Base Ball Club, Inc., a District of Columbia corporation, which at the time this suit was brought had operated the "Senators" baseball team for many years under its American League franchise. In this suit, he seeks injunctive relief against the corporation and its directors, defendants below, on his claim that the directors have agreed to dispose of substantially all of the corporation's assets outside of the usual and regular course of its business and without the approval of the holders of two thirds of its outstanding stock, in violation of § 29–929 D.C.Code. The complaint alleges that the directors plan to dispose of the corporation's "exclusive right to represent Washington in Major League Baseball," its interest in certain minor league properties,[1] and real estate located in the District of Columbia (particularly Griffith Stadium where the "Senators" played their home games). The District Court, finding no genuine issue of material fact, granted the defendant's motion for summary judgment on the ground, among others, that "the transfer of the franchise of the Washington Base Ball Club would not consti-

tute the sale, lease, exchange, mortgage, pledge, or other disposition of an asset within the meaning of D.C.Code § 29–929." This appeal followed.

We think the grant of summary judgment may be sustained on the above-mentioned ground. Hence we do not reach consideration of plaintiff's objections to other grounds cited by the District Court.

The record, consisting largely of the depositions of two of the defendant directors and the president of the American League and exhibits thereto, shows that the alleged contemplated "abandonment of the exclusive right to represent Washington in Major League Baseball" was based upon a proposed transfer of the corporation's American League franchise to a new league city. The cornerstone of plaintiff's case is that this transaction would constitute a disposition of the franchise. After transfer, however, the corporation would still retain its franchise, membership in the American League, and the bundle of rights and privileges which flow therefrom.[2] Only the location at which the corporation's club plays its "home" games would be changed. Although such a change may affect the feelings of many baseball fans, it does not effect a disposition of the franchise within the meaning of § 29–929.

Plaintiff makes no argument that the other alleged dispositions, standing alone, would constitute a disposition of all or substantially all of the corporation's assets. Moreover, he does not allege that the corporation plans to dispose of the assets represented by its contracts with players. In these circumstances, the plaintiff cannot sustain his claim that the corporation plans a disposition of substantially all of its assets.

Affirmed.

---

* Sitting by designation pursuant to § 294 (d), Title 28 U.S.Code.

1. These are the Chattanooga (Tennessee) Baseball Company and its properties, and the Charlotte (North Carolina) Baseball

and Amusement Company and its properties.

2. See November v. National Exhibition Company, Sup.1958, 10 Misc.2d 537, **173** N.Y.S.2d 490.