Carlos MARCELLO, Appellant,

v.

Robert F. KENNEDY, Attorney General of the United States, et al., Appellees.

No. 16553.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 12, 1962.

Decided Dec. 20, 1962.

Wilbur K. Miller, Circuit Judge, dissented.

Mr. David Carliner, Washington, D. C., with whom Mr. Jack Wasserman, Washington, D. C., was on the brief, for appellant.

Mr. Gil Zimmerman, Special Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Nathan J. Paulson, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellees. Messrs. Charles T. Duncan, Principal Asst. U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., also entered appearances for appellees.

Before WILBUR K. MILLER, WASHINGTON and BASTIAN, Circuit Judges.

WASHINGTON, Circuit Judge.

This is an immigration case. It is a sequel to Marcello v. Bonds, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107, in which the Supreme Court declared Carlos Marcello to be a deportable alien. That was in 1955. Since that time numerous efforts have been made by the Government to effect his deportation. Roadblocks have been placed in its path by litigation brought by Marcello, as well as by refusals by other countries to accept him.

Finally, on April 4, 1961, the Government physically removed Marcello from Louisiana to Guatemala. On the following day, Marcello's attorneys brought this suit on his behalf in the United States District Court for the District of Columbia. The complaint alleged that the Government had utilized a false birth certificate to procure his entry into Guatemala; that the deportation was accomplished in violation of a stipulation by the Solicitor General that Marcello would receive three days notice of any proposed deportation; that he was denied the assistance of counsel; and that the statutory provision for deportation to any country willing to receive an alien (8 U.S. C. § 1253(a) (7) ) is unconstitutional. The complaint asked (1) for a declaration that appellant's deportation to Guatemala was illegal; (2) that enforcement of the statute be enjoined; and (3) that the immigration authorities be ordered to authorize his reentry into this country.

On cross-motions, the District Court granted summary judgment for the Government, and dismissed the complaint, under date of May 24, 1961. A motion by Marcello for reconsideration was denied on June 5. A motion was then made by Marcello on June 9th to vacate the summary judgment under Fed.R.Civ.P. 60(b), attaching an affidavit of counsel that Marcello had surrendered himself to the Immigration and Naturalization Service in New Orleans on June 5th. A hearing on this motion was held on June 16, 1961, at which it appeared that Marcello had reentered the United States in some fashion, and that the Government had begun a criminal prosecution against him in New Orleans. On June 20, 1961, the District Court denied the motion to vacate; on June 26, it filed an opinion

purporting to decide the case on the merits, in favor of the Government. See 194 F.Supp. 750. Appeal was taken from the summary judgment and from the court's orders of June 5 and June 20.

It is to be noted, in the first place, that the Government filed no counterclaim for a declaration that Marcello was properly deported, and no declaratory judgment to that effect was actually issued. Judge Holtzoff's opinion does not purport to be a judgment: it is an explanation of his views and of his refusal to vacate the existing judgment. Accordingly, the binding effect on Marcello of the judgment below—as a decision on the merits rather than as a mere dismissal of his 'complaint—may well be subject to some question.[1]

■ In our view, the District Court should simply have dismissed the complaint, in the exercise of its informed discretion. By June 20th it was clear that the question of reentry was moot, since Marcello was back in the United States. The only possible relief asked in the complaint which did not become moot was a declaration of rights. But such a declaration must settle a case or controversy. It should not be issued—either formally or informally—where (as here) its significance and effect remain in doubt.

By June 20 it was also clear that Marcello's defense to the pending criminal prosecution would be that his deportation to Guatemala was illegal. Further, it was clear that the Government was issuing a new deportation order against Marcello; that this order could and in all probability would be subjected to judicial review; and that the question of the legality of the deportation to Guatemala would be a vital issue on review. All these proceedings, including any judgment of conviction rendered in the criminal prosecution, would be reviewable in the Fifth Circuit Court of Appeals.[2]

In its brief the Government, in urging us to affirm the judgment below on the merits, states that "appellant's illegal reentry has produced a criminal prosecution and a new deportation proceeding which may both essentially rest upon the judgment of the District Court below. In view of its potential effect on those proceedings, the declaratory aspect of his case obviously still presents a live controversy. * * * The whole object of the declaratory judgment procedure is to remove uncertainty from legal relations, by expeditiously settling disputed issues 'on which a whole complex of rights may depend.' " This statement of the situation appears to us to demand the very opposite conclusion from that which the Government (and appellant also, it may be mentioned) suggests. We think that under these circumstances a court sitting in the District of Columbia should not have attempted to settle the questions raised by this complaint,[3] or to pass upon the merits of Marcello's position, either favorably or unfavorably, particularly on a record consisting solely of affidavits and exhibits. We assume that in the criminal prosecution Marcello would assert that he was entitled to produce live witnesses and have the jury decide issues of credibility. We assume that he would likewise assert that the trial judge in the criminal case would not be bound to accept the result here reached by Judge Holtzoff, on a different record, and that the judge would not be bound to instruct the jury as a matter of law on the basis thereof that Marcello's deportation to Guatemala was legal. (We do not, of course, decide or infer that any of these assertions would be valid: we merely point out that issues of this sort would be almost certain to arise.)

It is true that Marcello initiated the action here, and there is much to be said for holding him to the result. But in a crim-

1. Cf. Borchard, Declaratory Judgments at 812 ff. (2d Ed. 1941).

2. See Act of September 26, 1961, 75 Stat. 651, 8 U.S.C. § 1105a.

3. Cf. Williams v. Virginia Military Institute, 91 U.S.App.D.C. 206, 198 F.2d 980 (1952), cert. denied, 345 U.S. 904, 73 S. Ct. 640, 97 L.Ed. 1341 (1953).

inal case the burden of proof is on the Government, and the question whether it has met its burden should be decided in the criminal proceeding, on the record there made. We are also aware that as of May 24, 1961, the date the judgment of dismissal was entered, the circumstances on which we now rely either had not come to pass or had not been made known to the District Court. Consequently, the initial assumption of jurisdiction can hardly be said to have constituted an abuse of discretion. These facts had come to light, however, by the time appellant made his motion to vacate the judgment of dismissal as well as at the time Judge Holtzoff rendered his opinion explaining the basis of the dismissal. Consideration should have been given to these intervening circumstances. Cf. McKay v. Clackamas County, 349 U.S. 909, 75 S.Ct. 599, 99 L.Ed. 1244 (1955), vacating 94 U.S.App.D.C. 108, 126, 219 F.2d 479, 497 (1954).

■ The courts have a broad measure of discretion to decline to issue declaratory judgments, see Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 300, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943), and such discretion to decline should have been exercised in this case. Under the circumstances, "The judgment of dismissal below must therefore be affirmed, but solely on the ground that, in the appropriate exercise of the court's discretion, relief by way of a declaratory judgment should have been denied * * *." Great Lakes Dredge & Dock Co. v. Huffman, supra at 301, 63 S.Ct. at 1074, 87 L.Ed. 1407. To clarify the record, the judgment and orders on appeal will be vacated, and the case remanded to the District Court with directions to dismiss the complaint.

So ordered.

WILBUR K. MILLER, Circuit Judge (dissenting).

Judge Holtzoff's opinion discussing the merits and directing summary judgment

for the Government was marked "Filed" by the Clerk of the District Court on June 26, 1961, as the majority say. For that reason, they seem to treat this case as an appeal from a judgment entered June 26 pursuant to the opinion which was marked "Filed" as of that date. But the opinion was dated May 22, 1961, and the summary judgment it directed was actually filed May 24, 1961.

By motion filed May 31, 1961, Marcello asked the court to reconsider and to set aside the judgment. The motion was denied June 5. Then Marcello moved on June 9 to vacate the summary judgment of May 24. On June 20 Judge Holtzoff denied the motion to vacate and delivered a second opinion giving his reasons for doing so. (The two opinions are printed together in 194 F.Supp. 750, where the first is correctly dated May 22, 1961, and the date of the second is incorrectly given as June 23 instead of June 20.) All this occurred before June 26, the day when the majority assume the first opinion was delivered.

It may be concluded, I think, that the summary judgment would not have been filed if the judge had not authorized it, and there is no indication of authorization in the record except the opinion dated May 22. The difference is material because, when the District Court spoke by its judgment of May 24, Marcello had not returned to the United States, or at least there was nothing in the record suggesting he had done so,[1] and so there was nothing to indicate mootness as to the question of re-entry. Consequently the District Court was quite justified in considering the case on the merits, and in exercising its discretion to enter summary judgment for the Attorney General. That is to say, the matter of Marcello's re-entry was not moot on May 22 when the opinion was delivered, nor on May 24 when the summary judgment ordered by it was filed. The majority erroneously conclude that Judge Holtzoff's summary judgment dealt with the factual situation

1. The first suggestion to Judge Holtzoff that Marcello had re-entered the United States was during his consideration of the motion to vacate made on June 9 and denied June 20.

as it was said to exist on June 20, when the motion to vacate the judgment of May 24 was denied, or on June 26 when the opinion of May 22 was marked "Filed." In fact, the judgment of May 24 dealt with the situation as it existed on that date, and the orders of June 5 and June 20 denying the motions to reconsider and vacate dealt with the propriety of the judgment of May 24.

The notice of appeal says nothing of June 26. It shows Marcello was appealing from the summary judgment of May 24, the order of June 5 denying reconsideration, and the order of June 20 denying the motion to vacate. Consequently, we must determine the propriety of the summary judgment of May 24 on the record as it then existed. So considered, I think it is clear that the summary judgment should be affirmed for the reasons given in Judge Holtzoff's original opinion of May 22. Being of that view, I think the motion for reconsideration was properly denied on June 5.

There remains only the question whether the District Court correctly denied the motion to vacate. Implicit in the majority opinion is the notion that Judge Holtzoff should have granted the motion to vacate the summary judgment of May 24 and instead should have declined jurisdiction, merely because he was told at some later date that Marcello was back in the United States. But, as I have said, the District Court had spoken as of May 24, and a subsequent development —even if established—did not change the situation with respect to which it had adjudicated the rights of the parties by granting summary judgment to the Attorney General. It can hardly be said that, because of an event which occurred in June, the District Court did not appropriately exercise its jurisdiction to decide the case on facts submitted to it in May. Surely a judgment which decides an existing case or controversy is not mooted by an event which occurs after its entry.

The majority opinion seems to me to be more favorable to Marcello than he deserves. It assumes that the summary judgment of May 24, 1961, based on the opinion of May 22, would somehow prejudice Marcello in defending himself against an anticipated criminal indictment in another jurisdiction. In the first place, I do not think the judgment in a civil action here would have any effect in such a criminal action; and, in the second place, if the May 24 judgment has such an effect, Marcello should not be heard to complain, as he instituted the action in which the judgment was entered.

I note the Attorney General opposed the motion to vacate the judgment even though it was said in June, when the motion was made and argued, that Marcello had then returned to the United States. He did not suggest that Judge Holtzoff should vacate his judgment because of a later development or because of prospective litigation in another forum. I think the motion to vacate was properly denied.

I would affirm on the basis of Judge Holtzoff's opinion of May 22.