Manuel **ALAYO I CARRERAS**, personally and on Behalf and for the Benefit of **Ultra Vision Dominicana, S.A.**, Plaintiff,

v.

**CABLE WEST CORPORATION**, Theodore C. Bentley, Michael L. Robertson, Leo Hoarty, Ultra Vision Puerto Rico, Inc., Robert J. Ball, Robert Smith, John Doe and Richard Roe, Carlos Rivera Hernandez, Jose Romero, Defendants.

Civ. No. 85–0757 (JAF).

United States District Court, D. Puerto Rico.

Jan. 13, 1986.

John M. García, Hato Rey, Puerto Rico, for plaintiff.

José L. Novas Dueño, Hato Rey, Puerto Rico, for Cable West & Ultra Vision.

Robert Smith, pro se.

Blas C. Herrero, Jr., Hato Rey, Puerto Rico, for Carlos Rivera Hernández & Leo Harty.

Adrian Mercado, San Juan, Puerto Rico, for Carlos Rivera Hernandez.

## OPINION AND ORDER

FUSTE, District Judge.

We now decide that counsel who retains an economic and proprietary interest in a parent corporation cannot represent the subsidiary as plaintiff against the parent and at the same time be the legal representative of the shareholders in a highly-adversary context. We base our decision on the alleged facts presented by the parties which are taken for consideration of this motion only. The factual background is as follows:

Cable West Corporation, Theodore C. Bentley, and Michael L. Robertson entered into a written agreement with plaintiff Manuel Alayo i Carreras, Carlos Rivera Hernández, Manuel Carro and William Boso ("Buyers"), under which a corporation to be created in the Dominican Republic was going to be acquired by the group referred to herein as the Buyers. For purposes of acquiring the Dominican Republic corporation, a Puerto Rico corporation was created under the name of Ultra Visión Puerto Rico, Inc. The sole shareholders of the Puerto Rico corporation were to be: Cable West Corp., Theodore Bentley, and Michael Robertson, and as a minority shareholder, attorney José Luis Novas-Dueño, with 26.250 common stock, which allegedly is equivalent to 5% of the corporate ownership.

Afterwards, Ultra Visión Puerto Rico, Inc. became the owner of 80% of the shares of Ultra Visión Dominicana by purchase to the Buyers. This transaction is the basis of this action. Manuel Alayo i Carreras initiated a personal and shareholder-derivative suit on behalf of Ultra Visión Dominicana, S.A., the corporation also joined as a plaintiff, claiming that the purchasing corporation—Ultra Visión Puerto Rico, Inc.— and its shareholders, to wit: Cable West,

Theodore Bentley, Michael Robertson, Leo Hoarty, Robert J. Ball, and Robert Smith, owed to plaintiff a total sum of approximately $1,450,000, plus interest. As a second count, it is alleged that the defendants were obligated to create a mortgage on all properties owned by Ultra Visión Dominicana to guarantee said purchase price and they had refused and failed to do so. Thirdly, it is claimed that all co-defendants, aiding and abetting each other, conspired to obtain the delivery of the securities of Ultra Visión Dominicana, in alleged violations of the Securities Act of 1933. 15 U.S.C. §§ 77a–77aa. Finally, as a fourth count, plaintiff claims monetary compensation for the wrong done by the alleged mismanagement of Ultra Visión Dominicana by all the co-defendants.

In the present suit, attorney Novas-Dueño has assumed the representation of plaintiff Ultra Visión Dominicana, S.A. and of co-defendants Cable West Corporation and Ultra Visión Puerto Rico, Inc. Plaintiff Manuel Alayo has requested the disqualification of Novas Dueño based on: (1) an existence of conflict of interest in representation, (2) a personal interest in the co-defendant corporation Ultra Visión Puerto Rico, Inc., and (3) that he is to be the principal witness to the negotiations and transactions which form the basis of the complaint.

The issue now before us is whether in a shareholder-derivative suit, an attorney who usually represented the corporation sought to be protected by a shareholder, may assume its representation while at the same time he represents some of the co-defendants in the suit.

### Ethical Considerations

■ The Local Rules of the United States District Court for the District of Puerto Rico have adopted the Model Rules of Professional Conduct of the American Bar Association as a frame of reference of the minimal professional conduct required to be met by the lawyers who practice before our Court. *See* Local Rule 211.4(B). The standard to be applied in situations which involve an ethical conflict is that of reasonableness (*see Preamble to Model Rules of Professional Conduct,* p. 3), always bearing in mind that a lawyer's conscience need not only be at peace with itself, but that also he is required not to inflame ethical nor moral doubts to his clients nor to the courts. A motion to disqualify not only calls to question the probity of an individual lawyer, but the legal profession as a whole. *See Hull v. Celanese Corp.,* 513 F.2d 568 (2nd Cir. 1975).

■ In the present situation, one of the basic allegations is that Ultra Visión Dominicana, S.A. has not paid the total amount of monies accorded for the exchange of 80% of its stock to Ultra Visión Puerto Rico, Inc. and that the Buyers consented to defraud Seller in violation of the dispositions of the Federal Securities Act. In this adversary context, counsel Novas-Dueño represents the major shareholders of Ultra Visión Dominicana and its officers. *Prima facie* there appears a conflict of interest between representing the creditor Ultra Visión Dominicana, S.A. and representing the alleged debtors at the same time. Rule 1.7 of the "Model Rules of Professional Conduct" of the ABA regulates the above-referred situation. Said rule clearly establishes in mandatory language that:

RULE 1.7 Conflict of Interest: General Rule

(a) A lawyer *shall not represent a client* if the representation of that client *will be directly adverse to another* client, unless:

(1) the lawyer *reasonably believes* the representation will not adversely affect the relationship with the other client; and

(2) each client consents after consultation.

. . . .

Here we are under the situation typified under paragraph (a) which prohibits repre-

**1170**

sentation of opposing parties in litigation. We do not see how reasonable minds could argue that no harm is caused by representing the creditor and debtor in the same case. Furthermore, Rule 1.13 establishes the standard a lawyer employed by an organization must meet in cases of legal discrepancies between the members and the organization itself. The relevant provisions establish that:

> (e) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of Rule 1.7. *If the organization's consent to the dual representation is required by Rule 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.* (Emphasis supplied)

■ The comments of the House of Delegates of the ABA under the above-quoted rule state that when there is adversity of interest, the lawyer for the organization cannot provide legal representation for the individual and the organization concurrently. Novas-Dueño alleges that in the present case no such conflict exists and that in the event it materialized, he would resign. As stated in *Cannon v. U.S. Acoustics Corp.*, 398 F.Supp. 209, 220 (N.D.Ill.1975), this type of reasoning is plagued with flaws: First of all, if we accepted Novas-Dueño's position, we would be ignoring the conflict of interest which arises *prima facie.* Secondly, "counsel overlooks the hardship on the courts and the parties" if in the middle of the litigation new counsel had to be retained. The appropriate course is for the corporation to retain independent counsel.[1] *Lewis v. Shaffer Stores Co.*, 218 F.Supp. 238 (S.D. N.Y.1963); *Murphy v. Washington American League Base Ball Club*, 324 F.2d 394 (D.C.Cir.1963). Novas-Dueño will remain

---

1. Counsel that will assume representation of plaintiff corporation Ultra Visión Dominicana, S.A. cannot be the same counsel that represents

as counsel for Cable West Corporation and Ultra Visión Puerto Rico, Inc. subject to the written approval submitted by the shareholders of Ultra Visión Puerto Rico, Inc., Rule 1.7(b), "Model Rules of Professional Conduct", to be submitted to this Court within ten (10) days.

Under the above-quoted Rules of Professional Conduct, and the power of the Court to regulate the practice of law before it, 28 U.S.C. § 1654, attorney Novas-Dueño is disqualified of representing Ultra Visión Dominicana, S.A. By reaching this decision, in no way do we decide or reach the merits of the case.

IT IS SO ORDERED.

Manuel Alayo i Carreras for the same reasons stated herein.