MATHEWS v. LIFE INSURANCE CO. OF DETROIT.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—VALIDITY OF FORE-CLOSURE IN EQUITY—PARTIES—DEFUNCT CORPORATION.

On review of bill to vacate decree of foreclosure in equity of real estate mortgage given by corporation, now defunct, if title to the property vested in plaintiffs, as former directors and stockholders, and process used in the foreclosure suit did not summon them, plaintiffs are entitled to have validity of foreclosure decree determined.

2. CORPORATIONS—SERVICE OF PROCESS—FORECLOSURE—QUIETING TITLE.

Service of process in foreclosure suit in equity upon last elected secretary of a corporation which has ceased to do business or whose term of existence has expired by limitation *held,* sufficient; statute providing for process by publication against any corporation, the existence of which has terminated from any cause, and allowing stockholders to defend relating only to bills to quiet title (3 Comp. Laws 1929, §§ 14031, 14099).

3. SAME—WINDING UP—DISTRIBUTION OF ASSETS—OPERATION OF LAW—STATUTES—REVIVAL OF CHARTER.

Upon voidance of corporate charter through failure to file annual reports and payment of franchise fees, result achieved through winding up of corporate affairs and distribution of assets pursuant to statutory provisions may not be accomplished by operation of law, during period when charter may be revived, with the same force and effect as though it had continued without forfeiture (Act No. 327, § 91, Pub. Acts 1931, as amended, and § 91a as added by Act No. 96, Pub. Acts 1933; Act No. 10, Pub. Acts 1933 [Ex. Sess.]; Act No. 67, Pub. Acts 1935; Act No. 53, Pub. Acts 1937).

4. SAME—TITLE OF ASSETS—FORECLOSURE OF MORTGAGES.

Where voidance of a corporate charter for failure to file annual reports and pay franchise fees does not *ipso facto* work a dissolution, title to corporation's property is not vested in stockholders by operation of law; hence suit to foreclose mortgage could properly be brought against it (3 Comp. Laws 1929, § 14099; Act No. 327, § 91, Pub. Acts 1931, as amended, and § 91a, as added by Act No. 96, Pub. Acts 1933; Act No. 10, Pub. Acts 1933 [Ex. Sess.]; Act No. 67, Pub. Acts 1935; Act No. 53, Pub. Acts 1937).

Appeal from Wayne; Taylor (Mark D.), J., presiding. Submitted April 19, 1938. (Docket No. 20, Calendar No. 39,926.) Decided June 6, 1938. Rehearing denied June 30, 1938.

Bill by George W. Mathews against Life Insurance Company of Detroit, a Michigan corporation, to declare null and void a decree of foreclosure, for an injunction and other relief. B. A. Towar and

others intervened as parties plaintiff. Decree for plaintiff and intervening plaintiffs. Defendant appeals. Reversed.

*Sempliner, Dewey, Stanton & Honigman* (*A. W. Sempliner* and *Leonard Horton,* of counsel), for plaintiffs.

*Levin, Levin & Dill* (*Bayre Levin, Earlmont H. Dill* and *Leo Yoedicke,* of counsel), for defendant.

WIEST, C. J.  The Twenty-Nine Collingwood Avenue Corporation, organized for profit, gave a mortgage on an apartment building in 1928. Thereafter, for failure to pay the annual franchise fee and file annual reports for two consecutive years, the charter of the corporation became "absolutely void, without any judicial proceeding whatsoever." Act No. 327, § 91, Pub. Acts 1931. Nevertheless it continued for three years after loss of its charter to be a body corporate for the purpose of prosecuting and defending suits for or against it and of enabling it, gradually, to settle and close its affairs and to dispose of and convey its property and divide its assets, but not for continuing its business. Act No. 327, § 75, Pub. Acts 1931. The two-year default, rendering the charter void, was on August 31, 1932, and the three-year period in which to settle its affairs expired August 31, 1935.

In August, 1936, a bill in equity was filed by defendant herein to foreclose the mortgage, with service of process upon James F. Fisher, the last elected secretary of the mortgagor corporation, and Mathews & Fisher, Inc., the management agent of the Detroit Trust Company, claimant of an alleged interest.

A joint answer was filed in behalf of the mortgagor corporation and Mathews & Fisher, Inc., and on January 21, 1937, decree of foreclosure was entered and sale had thereunder on April 14, 1937, with the mortgagee the purchaser for the full amount under the decree.   Thereupon plaintiffs, former directors and stockholders of the defunct corporation, filed the bill herein to have the foreclosure proceeding held void, on the ground that, by operation of law, title to the mortgaged property had become vested in the stockholders of the defunct corporation and they were necessary parties to the foreclosure suit and had not been made such, nor had they been brought in by the process required by 3 Comp. Laws 1929, § 14031 (Stat. Ann. § 27.675).

Plaintiffs also claim that, the mentioned three-year period having expired, no suit could be brought against the corporation.

Defendant prosecutes review of the decree vacating the decree in the foreclosure suit.

Plaintiffs herein do not attack the validity of the mortgage and the lien thereof, and admit that it may be foreclosed by advertisement.

Inasmuch as the mortgagee bid the full amount due on the mortgage and plaintiffs do not question the right to have foreclosure, make no tender of payment and allege no prejudice, it looks like an instance of *damnum absque injuria* but, if plaintiffs were necessary parties, by reason of vesting of title in the stockholders and the process employed did not summon them, they are entitled to have the court pass on the legal question presented.

In the foreclosure suit service of process was made on the last elected secretary of the corporation.   This was good and sufficient service if the corporation had ceased to do business or the term of

its existence had expired by limitation, 3 Comp. Laws 1929, § 14099 (Stat. Ann. § 27.766), unless, as claimed by plaintiffs, 3 Comp. Laws 1929, § 14031, controlled the procedure in the foreclosure suit. That section provides process by publication against any corporation, the existence of which has terminated from any cause and allows stockholders to appear and defend, but applies only to suits "commenced under sections twenty to twenty-seven." See 3 Comp. Laws 1929, §§ 14028–14035 (Stat. Ann. §§ 27.672–27.679). These sections relate to bills to quiet title. The two mentioned statutes serve, each in its allotted field, and service of process in the suit to foreclose the mortgage was properly made under 3 Comp. Laws 1929, § 14099. Procedure under 3 Comp. Laws 1929, § 14031, would have been inapplicable and void.

The circuit judge was in error in holding to the contrary.

Plaintiffs claim that, by operation of law and lapse of time, the former title of the corporation had become vested in the stockholders and the foreclosure proceeding in equity, if it could be commenced, required them to be made parties *in personam.*

No proceeding having been taken to wind up the corporate affairs and distribute the assets, and no method provided by statute toward such end having been employed, operation of law cannot be held to have accomplished the result to be brought about only through statutory winding-up proceedings. The statute mentioned rendered the charter void without any judicial proceedings whatsoever, but this pronouncement is immediately followed by the provision "and such corporation shall be wound up in any manner provided by this act unless the secretary of State shall for good cause shown extend the

time for the filing of such report or the payment of such fee as the case may be." Act No. 327, § 91, Pub. Acts 1931.

Extension at that time was limited to one year, but by Act No. 96, Pub. Acts 1933 (Comp. Laws Supp. 1935, §§ 10135–91, 10135–91a, Stat. Ann. §§ 21.91, 21.92), the right of reinstatement was revived, extended and made retroactive for a year, and again in like manner by Act No. 10, Pub. Acts 1933 (Ex. Sess.) (Comp. Laws Supp. 1935, §§ 10135–91b, 10135–91c, Stat. Ann. § 21.234 *et seq.*), and Act No. 67, Pub. Acts 1935 (Comp. Laws Supp. 1935, §§ 10135–91d to 10135–92, Stat. Ann. §§ 21.238, 21.239), and also Act No. 53, Pub. Acts 1937 (Comp. Laws Supp. 1937, § 10135–92f *et seq.*).

At the time this suit was commenced the affairs of the corporation, not having been wound up in any manner provided by the statute, the opportunity was open for revival of the charter with the same force and effect as though the charter had continued without forfeiture. It is manifest that voidance of the charter did not, *ipso facto,* work a dissolution, and, without a winding up of the corporate affairs, as provided by statute, title to the mortgaged property was not vested in the stockholders by operation of law. As long as the corporation remained eligible to reinstatement of its charter the foreclosure suit could be brought against it.

The decree in the circuit is reversed and the bill dismissed, with costs to defendant.

BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.