In re COLUMBIA HOTEL CO. OF KAL-
AMAZOO, MICH.

No. 8021.

District Court, W. D. Michigan, S. D.
Sept. 30, 1939.

Kim Sigler, of Hastings, Mich., and Burritt Hamilton, of Battle Creek, Mich., for debtor.

Laurence W. Smith, of Grand Rapids, Mich., for trustee.

Stephen H. Wattles and Fox, Fox & Fox, all of Kalamazoo, Mich., for indenture trustee.

RAYMOND, District Judge.

This matter is before the court upon answers filed by certain bondholders wherein it is prayed that debtor's petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., be dismissed, the substantial reason urged being that debtor's corporate existence terminated September 1, 1935, because of failure to pay statutory fees and to file annual reports as required by law, and that the charter of debtor therefore became void under the provisions of section 91, Act No. 327 of Public Acts of Michigan of 1931.

The case of Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp., 302 U.S. 120, 58 S.Ct. 125, 82 L.Ed. 147, is relied upon by bondholders to support their contention.

Careful consideration of the Michigan statute referred to and of the cases of Bruun v. Cook, 280 Mich. 484, 273 N.W. 774; Mathews v. Life Insurance Co., 284 Mich. 352, 279 N.W. 858; and Stott v. Stott Realty Co., 288 Mich. 35, 284 N.W. 635, is convincing that after failure for two years to file annual reports and pay privilege fees, the charter of the corporation became void without any judicial proceedings whatsoever, and that the corporation thereafter had existence only for the purpose of winding up its corporate business. The provisions of the statute are declared to be self-executing. No authority is found to justify a belief that the corporation had power thereafter to take steps to continue its corporate business by reorganization or otherwise. In the reorganization proceedings it would seek to compel a considerable percentage of its creditors to submit to a plan of reorganization under which it would continue in business with substantially the same assets and ownership as at present and under the same or a changed corporate name. No such residuum of corporate power exists. It is not believed that Congress, by the enactment of Chapter X, intended to confer upon a corporation (whose charter had by its own nonfeasance become absolutely void, and whose sole remaining powers were those incident to winding up its affairs) the right to seek modification of the terms of its obligations and to continue business. Nothing in the statutes of Michigan or in the decisions construing them suggests any such remaining power.

Nor is it believed that Act No. 1 of the Public Acts of Michigan of 1939 which provides for revival of void charters upon making good the defaults prior to September 1, 1939, can be construed as conferring additional powers. Before rights could arise thereunder it was incumbent upon corporations seeking its benefits to make good their delinquencies. This the debtor corporation neither did nor attempted to do.

The Chicago Title & Trust Co. case clearly indicates that the existence and powers of a corporation are to be determined by the laws of the State that created it and that it was not the purpose of the

Bankruptcy Act to confer additional powers. In that case, some fragments of corporate power remained and were being exercised after the decree of dissolution, but the majority of the Supreme Court was of opinion that these were insufficient to enable stockholders to resuscitate its powers to the extent necessary to enable it to obtain the benefits of section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. It is the view of the court that this case is controlling and that an order should be entered dismissing the proceedings with appropriate provisions for reference to the referee in bankruptcy for allowance of fees and expenses incurred. An order may be submitted in conformity herewith.