## COHN v. DOWLING.
### No. 8815.

Circuit Court of Appeals, Sixth Circuit.
Nov. 4, 1941.

Milton M. Maddin, of Detroit, Mich. (David I. Hubar and Milton M. Maddin, both of Detroit, Mich., on the brief), for appellant.

William M. Donnelly, of Detroit, Mich. (Atkinson & Donnelly, of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The appellant challenges an order of the District Judge denying his motion to vacate the appointment of a receiver for the assets of a Michigan corporation, and denying his prayer to dismiss the action upon jurisdictional grounds.

The appellee, who was the plaintiff below, is a stockholder in the Park Sproat Corporation, organized by the bondholders of an unprofitable hotel enterprise but which itself had failed to conduct a successful operation of the hotel property. The corporation had been obliged to negotiate a substantial mortgage loan to liquidate existing tax liens and was threatened by the mortgagee with foreclosure proceedings. At the suit of one of its stockholders in the Circuit Court for Wayne County, upon a bill charging that its affairs had been grossly mismanaged and that serious losses were impending, the mortgage fore-

closure had been stayed and a receiver had been appointed who took possession, operated the hotel for a time, and subsequently leased it to a tenant still in possession, the lease, approved by the court, providing sufficient income to meet maturing obligations under the mortgage as extended.

Prior to the filing of the bill in the present suit, the state court receiver, having an offer from responsible persons to lease the premises at a substantial increase in rental over and above that provided in the existing lease, applied to the Wayne County Circuit Court for leave to terminate the present lease under provisions therein permitting cancellation, and for leave to enter upon a new lease at an advanced rental. The receivership has never been terminated and the state court receiver, is still actually, or constructively, through his tenant, in possession of the corporate property. The corporation charter had, however, been permitted to lapse by reason of failure to file annual reports, and to pay the statutory fees required by Act 327 of the Public Acts of 1931. Reinstatement was not sought within the time permitted by the statute or its subsequent amendments.

The appellee, conceiving that under the statute as construed by the Michigan Supreme Court, failure of the corporation to keep its charter alive resulted in its dissolution and the vesting of the property in the stockholders, filed his bill in the present suit praying for a partition of the property, according to the respective rights of the parties in interest, and for its sale and distribution of proceeds if partition might not be made without prejudice. The plaintiff is a citizen and resident of the State of Missouri, and the bill named as defendants numerous persons, most of them being citizens of and residing in Michigan, and some being citizens of other states, though none of those named are residents or citizens of Missouri. The bill, however, recites that numerous persons whose names are unknown to the plaintiff, are either stockholders of the dissolved corporation or have some interest, unknown to the plaintiff, in its assets, and seeks to make such unknown persons parties defendant by prayer that they be brought in by publication in the appropriate form prescribed by law. Finally, the bill asks that a receiver be appointed for the corporation property with the usual powers of receivers in like cases.

The state court receiver was not joined as a party defendant, the bill alleging that the state court proceedings were not proceedings to dissolve, or to wind up the affairs of the corporation, but that it became dissolved by operation of law and that when dissolved the Wayne County Circuit Court lost jurisdiction of its assets and properties and its receiver because one in name only and so but a mere custodian of its assets. The District Judge, upon the application of the plaintiff, appointed a receiver for the purpose of conserving the corporation assets pending partition or sale, empowered him to take possession of the hotel property and to operate it in accordance with the terms and conditions of the existing lease, and commanded all other parties claiming to be in possession of the hotel, to deliver up such possession to its receiver together with all papers or documents relating to the management and operation of the property.

The appellant, claiming a substantial interest in the property of the Park Sproat Corporation, as the owner of approximately 20% of its outstanding stock, entered an appearance and moved to dismiss the bill on the ground that the court was without jurisdiction to grant the relief therein prayed because the property was in the custody of the Wayne County Circuit Court, and because among the stockholders of the corporation are some who are residents and citizens of Missouri, and that by reason thereof there is not diversity of citizenship requisite to confer upon a federal court jurisdiction to entertain the complaint. It is from the order denying the appellant's motion to vacate the order appointing the receiver and to dismiss the bill, that the appeal is taken.

The Michigan Supreme Court has held that a corporation does not cease to exist upon its charter becoming absolutely void. It still continues a body corporate and remains a legally existing corporation for certain purposes, Bruun v. Cook, 280 Mich. 484, 273 N.W. 774, and voidance of the charter does not ipso facto work a dissolution of the corporation. Mathews v. Life Ins. Co., 284 Mich. 352, 279 N.W. 858, Cf. Stott v. Stott Realty Co., 288 Mich. 35, 284 N.W. 635. It is, however, contended that these rules apply only to situations where a revival of the corporate charter is permitted by law during a definite period which has not expired, and that the expiration of the reinstatement period

absolutely and completely abolishes the corporate entity, vesting its properties without the necessity of formal dissolution proceedings in its stockholders as tenants in common. It is contended that this is the necessary implication of Mathews v. Life Ins. Co., supra [284 Mich. 352, 279 N.W. 860], wherein it is said, "As long as the corporation remained eligible to reinstatement of its charter the foreclosure suit could be brought against it." This view of the complete dissolution of a Michigan corporation upon its failure to reinstate its charter and recover its corporate powers, is expressly challenged upon the same authority, for there it was also said: "It is manifest that voidance of the charter did not, ipso facto, work a dissolution, and, without winding up of the corporate affairs, as provided by statute, title to the mortgaged property was not vested in the stockholders by operation of law."

 It is plain that the issue thus presented is one peculiarly appropriate for decision by the Michigan court in construing a Michigan statute and clarifying its own decisions, and that if the assumption of jurisdiction over the controversy lies within the sound discretion of the District Judge, that discretion would more appropriately be exercised in the declination of, than in the assumption of, jurisdiction thereover. We are not, however, confined to the question whether, in assuming jurisdiction over the Park Sproat Corporation property, the district court acted in the exercise of a sound discretion. With the commendable purpose of avoiding unseemly and disastrous conflicts in the administration of a dual judicial system, the Supreme Court of the United States has, since the earliest day, applied the principle that if two suits are in rem, or quasi in rem, the jurisdiction of the court first assuming jurisdiction over the property must be recognized. Kline v. Burke Const. Co., 260 U.S. 226, 229, 43 S.Ct. 79, 67 L.Ed. 226; 24 A.L.R. 1077; Ex parte Baldwin, 291 U.S. 610, 54 S.Ct. 551, 78 L. Ed. 1020; Penn. General Casualty Co. v. Commonwealth of Pennsylvania, 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850. The historical development of the principle is, in the cited cases, sufficiently traced. The present record and the recitals in the plaintiff's bill, make it abundantly clear that jurisdiction over the hotel property of the Park Sproat Corporation was taken by the Wayne County Circuit Court long before the present suit was started. It has never been surrendered. And so questions of constructive possession and concurrent jurisdiction may be ignored. Harkin v. Brundage, 276 U.S. 36, 43, 48 S.Ct. 268, 72 L.Ed. 457; Penn. General Casualty Co. v. Commonwealth of Pennsylvania, supra, 294 U.S. 196, 55 S.Ct. 386, 79 L.Ed. 850; Louisville Trust Co. v. Knott, 6 Cir., 130 F. 820. Indeed, so zealous have been the federal courts to observe · the limitations upon their own jurisdiction, that even were it not clear that the state court had first acquired control of the res it would have been within the exercise of a sound discretion by the District Court, in the absence of a showing that the stockholders would not adequately be protected in the state courts, to relinquish jurisdiction in their favor. Pennsylvania v. Williams, 294 U.S. 176, 55 S. Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166; Penn. General Casualty Co. v. Commonwealth of Pennsylvania, supra, 294 U.S. 197, 55 S.Ct. 386, 79 L.Ed. 850.

The order of the court below appointing a receiver must be set aside.

 The vacating of the order would, however, permit the district court to retain jurisdiction of the bill for partition in the face of a denial that diversity of citizenship exists. If it be true that some of the unknown persons who are made parties defendant and who are sought to be brought in by publication, are residents and citizens of the state of the plaintiff, the action cannot be entertained. The averment is made, under oath, in the appellant's motion to dismiss the bill, that there are stockholders in the Park Sproat Corporation who are residents of the State of Missouri, and specifically that the St. Louis Union Trust Company comes within the classification. This averment is not, upon the present record, denied. The only challenge to it is a statement in the appellee's brief that the St. Louis Union Trust Company was not one of the named parties. There is no denial that it is one of the parties in interest who are sought to be made parties defendant by publication. We do not here meet the question discussed by us in Atwood v. Nat. Bank of Lima, 6 Cir., 115 F.2d 861, wherein we concluded that omitted parties will not destroy diversity of citizenship unless they are necessary and indispensable parties, for here are no parties in interest omitted. Those that are not named are joined with

a prayer for substituted process to bring them in as defendants.

Granted that the record may not be precise and definite in its showing of lack of diversity, yet jurisdictional infirmity is so clearly brought to the attention of the court that, in the exercise of the historically developed caution against overstepping the bounds that limit the jurisdiction of federal courts, we may not ignore it. The cause is therefore remanded to the District Court with instructions to dismiss the bill, if it can be and is shown that among the parties in interest who are sought to be made defendants thereto, are one or more whose citizenship is that of the state of the plaintiff.

Reversed and remanded.