Florence NELSON, Plaintiff,

v.

INSURANCE COMPANY OF NORTH AMERICA, Defendant.

Civ. A. No. 1260–65.

United States District Court
D. New Jersey.
March 1, 1967.

Chazin & Chazin, Newark, N. J., by Solomon Lubow, Jersey City, N. J., for plaintiff.

Riker, Danzig, Scherer & Brown, by Edward A. Zunz, Jr., Newark, N. J., for defendant.

## OPINION

WORTENDYKE, District Judge:

This action is predicated upon diversity of citizenship of the parties hereto. Plaintiff is the beneficiary of a group policy of accident insurance which was issued by the defendant, a Pennsylvania corporation, to plaintiff's deceased husband as a member of the New York Society of Certified Public Accountants. Decedent died on July 7, 1964. Plaintiff alleges that the decedent's death was accidental in that the carcinomatosis, from which he died, resulted " * * * directly and independently of all other causes * * * " from the " * * * blow and trauma * * " sustained by the decedent on November 29, 1961 while the decedent was a passenger in a taxicab which collided with another automobile in Newark, New Jersey. The diagnosis of "metastatic carcinoma, probably originating from the head of the pancreas" was rendered at Johns Hopkins Hospital on or about June 25, 1964.

A written notice of claim was sent to the defendant on behalf of the plaintiff on October 28, 1964. A written proof of loss was submitted to the defendant on July 2, 1965. The receipt of these documents was acknowledged by the defendant, together with notification that the defendant reserved all rights granted to it under the policy and did not waive, by such receipt, any legal or contractual defenses.

### MOTION FOR SUMMARY JUDGMENT

This action was commenced on November 26, 1965. The defendant has moved for summary judgment upon two grounds: (1) the death of the decedent did not occur within one year from the date of the alleged accident and hence

there is no coverage (2) both the notice of claim and the proof of loss were filed with the defendant long after the expiration of the time limitations prescribed by the terms of the policy.

## CHOICE OF LAW

 The insurance policy upon which this action is based was applied for, countersigned, issued and delivered in the State of New York. The group arrangement under which the policy was obtained was administered by a New York insurance broker, and the premiums charged for the coverage afforded decedent were paid to said broker in New York. Ordinarily, the construction of a contract will be governed by the law of the State in which such contract was made. This general rule is applicable to insurance policies. Buzzone v. Hartford Accident and Indemnity Co., 41 N.J.Super. 511, 125 A.2d 551, 553 (App.Div.1956) aff'd 23 N.J. 447, 129 A.2d 561 (1957). Thus, the law of New York is applicable.

### *DEATH OF DECEDENT*

 The policy, "Part I—Description Of Coverage", provides that specified benefits will be paid for specific losses which shall result, " * * * directly and independently of all other causes * * * ", from bodily injuries caused by accident if such injuries result in such specific losses " * * * *within one year from the date of the accident* * * * ". (Emphasis supplied) The alleged accident occurred on November 29, 1961. The decedent died over thirty-one months thereafter. It is evident that the date of death was not within the terms of the policy.

### *NOTICE OF CLAIM*

 In Part IV, paragraph #5, the policy provides as follows:

"5. Notice of Claim: Written notice of claim must be given to the Company within 30 days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible. Notice given by or on behalf of the Insured or the beneficiary to the Company at Philadelphia, Pennsylvania, or to any authorized agent of the Company, with information sufficient to identify the Insured, shall be deemed notice to the Company."

Plaintiff's notice of claim was not submitted within the thirty-day limitation set forth above. In plaintiff's answers to supplemental interrogatories, plaintiff states: " * * * that because of medical and legal questions involved, the need for further information, records, etc. and facts developed which would suggest liability, and research made in that regard, sooner written Notice of Claim was not reasonably possible." This statement by plaintiff does not satisfy the clause in Part IV, paragraph #5, which provides: " * * * or as soon thereafter as is *reasonably* possible." (Emphasis supplied) The written notice of claim was submitted almost three years after the date of the accident. This condition precedent to the right to recovery was not complied with.

## PROOF OF LOSS

 Part IV, paragraph #7 of the policy provides:

"7. Proofs of Loss: Written proof of loss must be furnished to the Company at its said office within 90 days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required."

Under no view of this case can it be said that this provision has been complied with so as to afford the plaintiff a right of recovery under the terms of the policy. The proof of loss was submitted almost a year after the date of loss. There has been no satisfactory showing that the proof of loss could not have been submitted within the above-stated time limitation, nor has there been given any

justifiable reason why plaintiff failed to do so. There is no showing of an absence of legal capacity. See Deso v. London & Lancashire Indemnity Co. of America, 3 N.Y.2d 127, 164 N.Y.S.2d 689, 143 N.E.2d 889 (Ct. of Appeals of N.Y.1957); Bazar v. Great American Indemnity Co., 306 N.Y. 481, 119 N.E. 2d 346 (Ct. of Appeals of N.Y.1954).

There is no genuine issue of fact present in this case and the defendant is entitled to judgment as a matter of law. Accordingly, the complaint in this action will be dismissed and summary judgment entered in favor of the defendant.

An appropriate order may be submitted in conformity with the views herein expressed.