**Meyer GROSS et al., Plaintiffs,**

v.

**TEXAS PLASTICS, INC., et al.,
Defendants.**

**Civ. A. No. 165–70.**

United States District Court,
D. New Jersey.

June 9, 1972.

Walsh & Frisch, New York City,
Smith, Stratton, Wise & Heher, Trenton,
N. J., for Reilly and Solomon.

Kline & Kline, Trenton, N. J., for
Texas Plastics.

## OPINION

CLARKSON S. FISHER, District
Judge.

Lawrence Reilly and George Solomon,
two former directors of Texas Plastics,
Incorporated, (hereafter TPI), defend-
ants in a stockholder's derivative suit on
the basis of their former positions, have
applied to this Court for indemnification
*pendente lite* for legal expenses they in-
cur in defense of this suit.

Under its by-laws, in accordance with
the laws of the State of Texas, the State

of TPI's incorporation, TPI is required to indemnify its directors, officers and employees for any expenses "actually and necessarily incurred" in any suit "in which he has been made a party by reason of being or having been such director, officer or employee ,. . . except in relation to matters as to which he shall be adjudged in such action, suit or proceeding to be liable for gross negligence or willful misconduct in the performance of duty". No mention, however, is made either in TPI's by-laws or in the Texas Statutes concerning the right of directors to receive indemnification payments prior to the rendering of a final judgment in such suit.

The former directors argue that since Texas law is silent as to the authority to indemnify directors *pendente lite*, this Court should look to New Jersey law for guidance, as set forth in General Rule 44 of the District Court for the District of New Jersey. That Rule allows the Court to look to the "procedure and practice of the Courts of the State of New Jersey" for guidance if no rule or statutory provision especially prescribes proper procedure.

In a matter of this nature New Jersey law, N.J.S. 14A:3–5, subsections (6) and (7), allows a court to grant a director payment for expenses "in advance of the final disposition of the proceeding upon receipt of an undertaking by or on behalf of the corporate agent to repay such amount unless it shall ultimately be determined that he is entitled to be indemnified." Under General Rule 44, the directors urge that this procedure is the one the Court should follow.

I disagree. TPI argues that the subject of *pendente lite* indemnification is one of substance rather than of practice or procedure of the New Jersey Courts and therefore General Rule 44 should not be used. Determining whether something is a matter of substance or one of procedure is a very difficult proc-

ess, as can be seen by the discussions in such cases as Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); Byrd v. Blue Ridge Rural Electric Cooperative, Inc., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed. 2d 953 (1958), and Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). There is no need to make such determination here. General Rule 44 cannot be used because of the limitations which the Rule itself places upon its use. The practice and procedure of the New Jersey Courts can be considered only if doing so would not be "inconsistent with the Constitution, the Federal Rules of Civil and Criminal Procedure, and these Rules, or any applicable statute". For this Court to apply the New Jersey law here it would be acting inconsistently with the Constitution as interpreted by the Supreme Court in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and the Full Faith and Credit Clause of that document.[1]

■ What this Court must do is to look to New Jersey law, including its conflicts rules, to see what its Courts would do in this situation. Klaxon v. Stentor, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Neville Chemical Co. v. Union Carbide Corp., 422 F.2d 1205 (3rd Cir. 1970). However, no reported cases indicate whether New Jersey Courts would apply New Jersey or Texas law here, so the Court must apply what it thinks New Jersey law is, giving proper regard to all relevant considerations, including other state court rulings. "In this respect, it may be said to be, in effect, sitting as a state court." Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 465, 87 S.Ct. 1776, 1783, 18 L.Ed.2d 886 (~~1966~~).
1967

■ After following the prescription in *Bosch, supra,* I am confident that New Jersey would apply Texas law if faced with the situation presently before

---

1. The Court in *Erie, supra,* did not mention any specific constitutional provision, although it is thought that Justice Brandeis, writing for the majority based his opinion on the Tenth Amendment. See Wright, Federal Courts, p. 229.

this Court. Cases from elsewhere and commentators universally have held that when a suit involves the internal affairs of a foreign corporation a state court will usually apply the law of the state of incorporation. In re Columbia Hotel Co., 29 F.Supp. 848 (D.Mich.1939); Comments, Sec. 313 Restatement Conflicts of Laws 2d, 20 C.J.S. Corporations § 1882. Additionally, by-laws may be considered contracts between a corporation and its members, Elisian Guild, Inc. v. United States, 412 F.2d 121 (1st 1969), and ordinarily in New Jersey the construction of a contract will be governed by the law of the state in which the contract was made. Nelson v. Insurance Co. of North America, 264 F.Supp. 501 (D.N.J.1967); Buzzone v. Hartford Accident and Indemnity Co., 41 N.J.Super. 511, 125 A.2d 551 (App.Div.1956), aff'd 23 N.J. 447, 129 A.2d 561 (1957).[2]

■ Texas law, however, is silent on the subject of providing *pendente lite* indemnification payments to corporate directors, so again, the *Bosch* formula must be followed, this time to determine Texas law. In essence then, this Court, as a Federal Court in this District, must determine what the New Jersey Courts would think the Texas Courts would think about the issue here when neither of them has considered the matter. Professor Wright in discussing this type of situation in his Hornbook on Federal Courts, comments that it "merely highlights the unreality of the process". Wright, Federal Courts, p. 235.

The Texas indemnity statute, Article 2.02, subd. A of the Texas Business Corporations Act, V.A.T.S., provides in relevant part:

"(E)ach corporation shall have power:

(16) To indemnify any director or officer . . . of the corporation . . . against expenses actually and necessarily incurred by him in connection with the defense of any action, suit, or proceeding in which he is made a party by reason of being or having been such director or officer, except in relation to matters as to which he shall be adjudged in such action, suit or proceeding to be liable for negligence or misconduct in performance of duty, but such indemnification shall not be deemed exclusive of any rights to which such director or officer may be entitled, under any by-law, agreement, vote of shareholders, or otherwise."

This provision was adopted in 1955 with the Model Business Corporation Act (MBCA) as a source. According to Paul Carrington, the Chairman of the Committee of the State Bar of Texas on Revision of Corporation Laws at the time the Texas Business Corporation Act was enacted, the MBCA was the primary source. Carrington, The Texas

---

2. In their effort to get the Court to follow New Jersey procedure, movants additionally argue that the Court should, by analogy, follow the holding of the Supreme Court in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In that case New Jersey had a statute requiring that a plaintiff shareholder in a derivative action post security for costs unless he met certain requirements as to the value of his shares. This law applied to suits involving foreign corporations as well as those incorporated in New Jersey. The United States Supreme Court held that New Jersey could require the plaintiff to post security for costs in an action brought on behalf of a Delaware Corporation even though Delaware law would not require the posting of security, and that a Federal Court sitting in New Jersey would have to follow New Jersey law in this matter.

Cohen, supra, is inapposite. Here, rather than considering the mechanics of the suit itself as in Cohen, the problem is one of considering the internal affairs of a foreign corporation. In a Cohen situation, the New Jersey Legislature has an interest in seeing that its courts are not used by litigants pursuing strike suits against corporations, and thus can require the posting of security. They have no such interest in regulating the internal affairs of a foreign corporation.

Business Corporation Act as Enacted and Ten Years Later, 43 Texas L.R. 609 (1965). Professor Carrington suggested that changes be made in the Texas law to keep it in step with the more recent changes in the MBCA. With this in mind, I feel that if the Texas Courts are to give the indemnity statute a broad interpretation, such interpretation would, at most be in line with the provisions of the MBCA.

Under the most recent change in the MBCA in 1969 a director can be given expenses *pendente lite*, but only if that action is voted by a disinterested board of directors or by the shareholders. Sec. 5(d) and (b). No provision allows a court on its own to order such payments.

There is doubt that a Texas Court would even go so far as to allow indemnification pursuant to the present version of the MBCA. The present version of the MBCA has not been enacted into law in Texas nor were the changes suggested by Professor Carrington in 1965. It certainly would not go beyond the provisions of the MBCA. The Circuit Court for the District of Columbia, when faced with a statute which similarly did not specifically enable a court to grant *pendente lite* indemnification, refused to grant a request for such relief. Murphy v. Washington American League Base Ball Club, 116 U.S.App.D. C. 362, 324 F.2d 394, 398 (1963). In my judgment a Texas court would act similarly.

The New Jersey law, allowing a court to grant *pendente lite* expenses appears to be very much in the minority. Although many commentators call for liberalized indemnity laws for corporate directors, it is not for the courts to enact them. See Cheek, Control of Corporate Indemnification: A Proposed Statute, 22 Vand.L.Rev. 255 (1969). We can only try to interpret existing law.

In my view a Texas court would not grant the relief sought and therefore the motion is hereby denied. Submit an Order.