The TEXAS SOCIETY, Daughters of the American Revolution, Inc., Appellant,

v.

FORT BEND CHAPTER, The National Society, Daughters of the American Revolution et al., Appellees.

No. 8554.

Court of Civil Appeals of Texas, Texarkana.

Sept. 25, 1979.

Rehearing Denied Oct. 23, 1979.

**158**

Bird Old, III, Old & Old, Mount Pleasant, for appellant.

Jeffrey H. Hubbard, Houston, for appellees.

RAY, Justice.

The original opinion of this Court delivered on September 29, 1978, is withdrawn and the following opinion is substituted.

This is an appeal from an order granting a temporary injunction. Suit was instituted by the Fort Bend Chapter of the National Society Daughters of the American Revolution and other member societies of The Texas Society, Daughters of the American Revolution, Inc., appellees (plaintiffs), against The Texas Society, Daughters of the American Revolution, Inc. (The Society), appellant (defendant), and certain officers, agents and others, alleging an ongoing conspiracy and fraud by the officers of The Society and their attorney in dealing with The Society's assets and assets that The Society holds in trust for the benefit of others. Appellees are seeking a permanent injunction, accounting, cancellation of a deed to the Freeman Plantation from The Society to the DeWares, return of personal property and a money judgment. The trial court entered a temporary injunction enjoining The Society, its agents, representatives, officers, attorneys and those persons in active concert or participation with them who receive actual notice of the order, from selling stocks and other assets and from spending money or incurring debts for any purpose "other than in carrying on the ordinary business of The Society." The Texas Society, Daughters of the American Revolution, Inc., alone, has perfected its appeal and submits five points of error for our consideration.

The real parties in interest are the member chapters of The Texas Society, Daughters of the American Revolution, Inc., who did not want to sell the State Headquarters, the Freeman Plantation, and who have sought to cancel that sale. They brought suit against the present and former officers of The Society to enjoin them and The Society from disposing of the assets of the non-profit corporation. Those in charge of operating the non-profit corporation had obtained the passage of a resolution authorizing the sale of the corporation's stocks and assets, as necessary, to defend themselves against suits for their actions in selling the plantation.

The judgment of the trial court granting the temporary injunction will be affirmed.

In reviewing all of the evidence in this case in the light most favorable to the trial court's judgment and drawing legitimate inferences from such facts, we cannot say that the trial court abused its discretion in granting the temporary injunction. The injunction proceeding was tried to the court and no findings of fact or conclusions of law were requested or filed. The favorable evidence establishes that good reasons existed for the granting of the temporary injunction and that the trial court has complied with Tex.R.Civ.P. 683 by reciting such reasons in its order granting the temporary injunction.

The most cogent reason for granting the temporary injunction is established by the fact that the officers in charge of operating the non-profit corporation, The Society, had been paying their attorney's fees in advance from corporate funds prior to a determination of whether or not the corporate officers and former officers had been guilty of negligence or misconduct in the performance of their duties. The advancing of monies out of The Society's funds for the payment of attorney's fees under the circumstances of this case would not be incurring an indebtedness or spending money in carrying on the ordinary business of The Society. The ordinary business of appellant would be fostering those purposes for which the non-profit corporation was created, such as promoting educational, patriotic and historical projects. The ordinary business of The Society would not be the defense of its officers and former officers. *Country Club of Tyler v. McLaughlin*, 300 S.W.2d 124 (Tex.Civ.App. Texarkana 1957, writ ref'd n. r. e.).

The record shows that many of the funds of The Society have been commingled and unauthorized transfers made. It appears from the evidence that some funds have not been accounted for in the annual treasurer's report. The totality of the evidence could have led the trial court to infer that a course of conduct had been started by the executive board which would result in a sale of a substantial portion of the assets of the corporation and that the funds from the sale would be used to pay unauthorized legal fees and expenses. Appellees established that a similar course of conduct had already occurred. Dissipating the assets of The Society through unauthorized and ultra vires expenditures, such as advancement of legal fees in this case, was not and would not be related to the espoused purposes of The Society in promoting educational, patriotic and historical projects. No funds can be expended by The Society for legal fees for the defense of The Society's officers or their actions in selling the Freeman Plantation until such time as it is determined that The Society's officers and former officers have not been guilty of negligence or misconduct. Once the court has finally absolved such officers from negligence and misconduct, then, and only then, may the corporation indemnify such officers for their legal fees as provided by Article 1396–2.22, Tex.Rev.Civ.Stat.Ann., the Texas Non-Profit Corporation Act. A diversion of funds to a purpose outside the object for which the corporation was organized is unauthorized. *Country Club of Tyler v. McLaughlin,* supra.

We have also concluded that the trial court could have inferred that irreparable injury could or would occur unless the temporary injunction was granted. The resolution passed by The Society (plaintiffs' exhibit 11) ratified the payment of legal expenses in excess of $47,000.00 and authorized the sale of stock and other assets to continue the defense of all litigation against the officers and former officers of The Society. The trial court was authorized to take judicial notice of the extensive litigation that had been undertaken and determine that the legal fees and expenses are likely to be enormous before the litigation can be concluded. See *Governing Board v. Pannill,* 561 S.W.2d 517 (Tex.Civ.App. Texarkana 1977, writ ref'd n. r. e.). A sale of the assets of The Society to obtain funds with which to pay legal expenses could deplete the assets of the corporation to such an extent that The Society would be severely hampered in its ability to carry on its charter purposes, thus causing The Society to suffer damages which would not be capable of calculation or monetary compensation. The trial court was justified in determining that irreparable injury was probable and that an adequate remedy at law did not exist. The trial court could have concluded that the sale of all or a substantial part of the stock or other assets of the corporation would lead to damages to The Society which would not be readily ascertainable and this would be particularly true here, where the declared purpose was to use the funds for unauthorized purposes. "No adequate remedy at law exists if the damages are incapable of calculation . . .". *R. H. Sanders Corporation v. Haves,* 541 S.W.2d 262, 265 (Tex.Civ.App. Dallas 1976, no writ).

From our examination of the record, we conclude that a probable right and a probable injury were shown and set forth as reasons for granting the writ; that the trial court was correct in preserving the status quo of the subject matter until a final trial of the case on its merits; that the court did not abuse its discretion; and that the evidence supports the granting of the temporary injunction and meets all of the tests required by the Supreme Court in *Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549 (1953). See also *Baucum v. Texam Oil Corporation,* 423 S.W.2d 434 (Tex.Civ.App. El Paso 1968, writ ref'd n. r. e.).

It has been difficult for this Court to perceive why Mrs. Georgia Bingle Edman, State Regent, has insisted upon appealing the temporary injunction. The order of the trial court was to preserve the status quo pending a final hearing on the merits in this case and was to preserve the assets of the

corporation. Mrs. Edman, as State Regent and the espoused leader of the corporation, should have had an intense interest in seeing that the corporate assets were preserved until the trial court could determine the merits of the matter before it. The corporation itself could not be hurt by an order of the trial court directing that its assets be preserved and held in status quo under the circumstances of this case. The corporate entity had everything to gain and nothing to lose by the court's order. Appellees in this case brought suit in their representative capacities on a derivative cause of action to protect the corporate entity and its assets. The real party at interest is the corporation though it has been formally aligned as a defendant. As stated in *Providential Investment Corporation v. Dibrell*, 320 S.W.2d 415 (Tex.Civ.App. Houston 1959, no writ),

" . . . It [the corporation] is a necessary party to the suit so that it will be bound by the judgment so that it may not later subject the defendants to a second suit. *Barthold v. Thomas*, supra. The reason it appears formally as a defendant is because it is under the control of persons charged with the wrongs complained of in the suit and refuses to act. This gives the shareholders the right to act for its benefit."

The court further stated:

"Realistically the controversy is between the corporation and the fraudulently acting officers and directors. It [the corporation] is really the complainant in the suit. . . ."

In the instant case, the corporation was the beneficiary of the trial court's order for the issuance of a temporary injunction. The corporation itself was not adversely affected by the temporary injunction. The corporate entity, The Texas Society, Daughters of the American Revolution, Inc., is the sole appellant as evidenced by the cost bond signed by Mrs. Edman in her capacity as the State Regent of The Society. The Society itself cannot complain in this Court of the rulings of the trial court in its favor. No relief was given against The Society.

Those in control of the corporation were temporarily enjoined from performing acts which would be detrimental to the nonprofit corporation, The Society. The officers, agents and attorneys have not appealed. Only The Society as a corporate entity has appealed and it is not entitled to any relief from the trial court's judgment in its favor.

█ Appellees assert that this Court has erred in assessing costs against The Texas Society, Daughters of the American Revolution, Inc., in an appeal by The Society from the temporary injunction. We disagree. The only parties before this Court *on the appeal* other than appellees, are The Texas Society, Daughters of the American Revolution, Inc., and its surety, Insurance Company of North America. This Court has no authority to assess costs against persons who are not parties to the appeal. Tex.R.Civ.P. 435. The temporary injunction obtained by appellees was violated by those under the injunction when they expended The Society's funds for costs of the appeal. An appeal of an order in favor of the corporate entity is certainly not in the ordinary course of business of the corporation. Those enjoined had no authority to spend any funds of The Society for further litigation. Their recourse, if they were dissatisfied, was to continue the litigation at their own expense. Suit may be brought on behalf of The Society to recover from the responsible parties the costs paid out of The Society's funds for this appeal, but we have no authority to tax the costs directly against such parties. Costs incurred, exclusive of the contempt proceeding, are taxed against the appellant.

## ON APPELLEES' MOTION TO ADJUDICATE MRS. GEORGIA BINGLE EDMAN AND MRS. KENNETH WICKETT GUILTY OF CONTEMPT

█ On April 17, 1978, the appellees herein filed with the Clerk of this Court a motion for contempt, together with supporting affidavits, complaining of alleged violations by Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett of the terms of a

temporary injunction entered by the District Court of Marion County in Cause No. 147–76, dated June 14, 1977. This Court having jurisdiction (Tex.Rev.Civ.Stat.Ann. art. 1911a, Supp. 1978–1979) to consider such motion, by order entered on April 19, 1978, directed the district judge of the 115th Judicial District Court in Marion County to conduct an evidentiary hearing on the motion for contempt and to make findings and recommendations and to transmit them to this Court with a transcript of the evidence adduced. The district court held the hearing and its findings and recommendations which were signed on January 26, 1979, were filed in this Court on January 30, 1979. This Court then heard oral arguments on the motion for contempt related to Mrs. Edman and Mrs. Wickett on March 20, 1979, and post submission briefs submitted by the parties have been received and filed.

This Court has examined the motion to adjudicate Mrs. Edman and Mrs. Wickett guilty of contempt, together with the proof of such contempt, all of the evidence offered at the hearing, and the argument of counsel; and the Court is of the opinion, and so finds that Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett are guilty of contempt of court by reason of their violation of the terms of the temporary injunction entered by the District Court of Marion County on June 14, 1977, in Cause No. 147–76 and their punishment for such contempt is, by separate judgment of contempt this day entered, fixed by assessing against each of them a fine of $500.00 to be paid into the registry of this Court on or before the 25th day of May, 1979, together with all costs incurred in the contempt proceeding. The judgment of contempt is as follows:

## JUDGMENT OF CONTEMPT

BE IT REMEMBERED that on this 10th day of May, 1979, came on to be considered the above entitled and numbered matter in which Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett stand charged, by motion, with contempt of court in failing and refusing to comply with the terms of the decree entered by the 115th Judicial District Court of Marion County, Texas, on or about the 14th day of June, 1977, in Cause No. 147–76, styled Fort Bend Chapter of the National Society, Daughters of the American Revolution, Et Al, Plaintiffs, v. Mrs. Hastings Pannill, Et Al, Defendants, wherein the said The Texas Society, Daughters of the American Revolution, Inc., its agents, representatives, officers, attorneys and those in active concert or participation with them, were temporarily enjoined from:

1. Selling, transferring, assigning, hypothecating, encumbering or in any manner disposing of the stocks, and bonds, or proceeds from the sale thereof presently on hand or other assets of The Society.

2. Incurring any indebtedness or expending any sum of money for any purpose other than in carrying on the ordinary business of The Society;

And it appearing to the Court that the said Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett, officers of The Texas Society, Daughters of the American Revolution, Inc., have been duly cited herein, to show cause if any they have, why they should not be adjudged to be in contempt for violation of said temporary injunction, and after having reviewed the proof of such contempt adduced before the District Judge of the 115th Judicial District Court of Marion County, Texas, pursuant to an order entered by this Court on April 19, 1978, and after reviewing all of the evidence offered at said hearing, and the argument of counsel before this Court, the Court is of the opinion, and so finds that the said Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett are guilty of contempt.

It is accordingly ordered, adjudged and decreed by the Court that the said Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett be and they are hereby each held guilty of contempt of court by reason of their violation of the terms of the temporary injunction entered by the District

Court of Marion County, Texas, on June 14, 1977, in Cause No. 147–76, styled Fort Bend Chapter, The National Society Daughters of the American Revolution, Et Al v. Mrs. Hastings Pannill, Et Al, and their punishment for such contempt is here fixed by assessing against each a fine of $500.00 which shall be paid into the registry of this Court on or before the 25th day of May, 1979.

It is further ordered that the said Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett pay all costs of this proceeding, for which let execution issue.

It is further ordered that the said Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett may each purge herself of such contempt by each paying the sum of $500.00 into the registry of this Court on or before the 25th day of May, 1979, together with all costs incurred in this contempt proceeding in the total sum of $3,675.95, which costs are taxed against Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett, jointly and severally.

Signed and entered this the 10th day of May, 1979.

/s/ C. L. Ray, Jr.
C. L. Ray, Jr.,
Associate Justice
/s/ Bun L. Hutchinson
Bun L. Hutchinson,
Associate Justice

(Chief Justice Cornelius not participating.)

The evidence in this matter is clear and convincing that Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett each defied the terms of the temporary injunction by making unauthorized expenditures and disposition of the funds of the Texas Society, Daughters of the American Revolution, Inc. for purposes other than carrying on the ordinary business of The Society in violation of the temporary injunction entered by the District Court of Marion County on June 14, 1977, in Cause No. 147–76.

## ON MOTION TO ADJUDICATE

## C. LELAND HAMEL GUILTY OF CONTEMPT

On January 11, 1979, appellees' filed their motion in this Court to adjudicate C.

Leland Hamel, attorney, guilty of contempt for violation of the same temporary injunction entered by the District Court of Marion County on June 14, 1977, in Cause No. 147–76. That order not only enjoined The Texas Society, Daughters of the American Revolution, Inc., its agents, representatives and officers from incurring any indebtedness or expending any sum of money for any purpose other than in carrying on the ordinary business of The Society, but also enjoined The Society's attorneys from participation in the disposition of the assets of the corporation other than for purposes related to the carrying on of the ordinary business of The Society. Because the motion to adjudicate C. Leland Hamel guilty of contempt was filed after the District Court of Marion County had started its evidentiary hearing related to Mrs. Edman and Mrs. Wickett, this Court did not wish to complicate the matter further by expanding its original order to direct C. Leland Hamel to appear and show cause why he should not be held in contempt for violation of the temporary injunction. This case has been pending in this Court on motions for rehearing since October 16, 1978, and at this point this Court is not inclined to delay the motions for rehearing any further by directing the trial court to hold an evidentiary hearing relative to the motion to adjudicate C. Leland Hamel in contempt of court. That matter can be taken up by the trial court when its jurisdiction reattaches. Further, since this Court has not issued a show cause notice to Mr. Hamel, and since he has not been given a chance to defend himself at a full evidentiary hearing, we are of the opinion that it would be a violation of due process and error to adjudicate Mr. Hamel in constructive contempt of court. *Ex Parte Gordon*, 584 S.W.2d 686 (1979).

During the evidentiary hearing substantial time was taken in trying to resolve the problem of whether or not Mr. Hamel would be required to produce certain records of the corporation after the officers of the corporation had directed him to in-

voke the attorney-client privilege and the work product privilege. Mr. Hamel has insisted throughout this case that he represents The Society. There is an obvious conflict of interest between The Society and the officers charged with wrongdoing. In view of Mr. Hamel's insistence that he represents The Society, those officers of the corporation charged with wrongdoing cannot insist that he invoke the attorney-client privilege or the work product privilege, because to do so would thwart the corporate entity's right to be protected from the alleged wrongdoing of its officers. The whole purpose of this suit is to discover, for the benefit of the corporate entity, whether its officers have been guilty of fraud, negligence, mismanagement, or other acts which violate the laws of this State or the provisions of the charter or by-laws of the corporation itself. In a derivative action, such as the one involved here, all books and records of the corporation are subject to inspection by any member, or its agent or attorney, for any proper purpose at any reasonable time, and this includes all records in the hands of the officers or the attorney for the corporation. Article 1396–2.23, the Texas Non-Profit Corporation Act. All of Mr. Hamel's records and files in any way related to his representation of The Society are open for inspection by any member, or its agent or attorney, because those records and files are the property of the corporate entity. 18 C.J.S. Corporations § 7, p. 379 (1939); 20 R. Hamilton, Texas Business Organizations § 801, et seq. (1973).

Appellant's points of error are overruled. The judgment of the trial court is affirmed.

## ON MOTIONS FOR REHEARING

This Court's opinion on motions for rehearing dated August 31, 1979, is withdrawn along with the rulings on the motions for rehearing and the following rulings and opinion are substituted.

All motions for rehearing filed by appellant, The Texas Society, Daughters of the American Revolution, Inc., are overruled.

All motions for rehearing of the judgment of contempt filed in behalf of Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett are overruled.

Appellees' motion for rehearing is granted.

The judgment of contempt is based upon the record made in this case including the testimony and evidence admitted before the District Court of Marion County pursuant to the orders of this Court directing the District Court to hold an evidentiary hearing related to the possible contempt of Mrs. Edman and Mrs. Wickett. We are of the opinion that all of the expenditures, as distinguished from transfers of funds, listed in the trial court's findings were unauthorized because those funds were expended to defend the officers of the corporation against allegations of wrongdoing. Further, we have concluded that the findings of the District Court related to the *expenditures* were patently erroneous. The findings of the District Court related to the *transfers* of $78.00 and $74.35 respectively from The Society's funds to a special legal defense account as being contemptuous is not altogether clear or certain. Thus, this Court has held Mrs. Edman and Mrs. Wickett in contempt of court for having made unauthorized expenditures of funds of the corporation to defend themselves against alleged wrongdoing asserted in a derivative action brought by certain member societies of The Texas Society, Daughters of the American Revolution, Inc. The following expenditures were contemptuous for which the following fines are imposed:

For expending corporate funds in the sum of $105.00 by check No. 230, dated June 23, 1977, for aircraft rental (legal defense), Mrs. Edman and Mrs. Wickett are each fined the sum of $25.00;

For expending corporate funds in the sum of $1500.00 by check No. 231, dated June 23, 1977, for retainer, legal fee, Mrs. Edman and Mrs. Wickett are each fined the sum of $100.00;

For expending corporate funds in the sum of $257.40 by check No. 236, dated July 7, 1977, for transcript (court proceedings), Mrs. Edman and Mrs. Wickett are each fined the sum of $50.00;

For expending corporate funds in the sum of $122.00 by check No. 237, dated July 10, 1977, for aircraft rental (legal defense), Mrs. Edman and Mrs. Wickett are each fined the sum of $25.00;

For expending corporate funds in the sum of $1,000.00 by check No. 256, dated September 20, 1977, for advance of lawyer expenses, Mrs. Edman and Mrs. Wickett are each fined the sum of $100.00;

For expending corporate funds in the sum of $1241.20 by check No. 260, dated October 5, 1977, for legal fees, Mrs. Edman and Mrs. Wickett are each fined the sum of $100.00;

For expending corporate funds in the sum of $1,000.00 by check No. 275, dated November 30, 1977, for advance on legal fees, Mrs. Edman and Mrs. Wickett are each fined the sum of $100.00.

This Court makes no determination of whether or not the injunction proscribes the transfer of money from one account to another since such determination would be tantamount to granting final relief which may not be afforded in a temporary injunction proceeding. Neither does this Court decide that the legal defense fund was or was not the property of The Society. These matters will be finally determined when the case is tried on its merits.

 The entire history of this litigation has revolved around a dispute between the member societies and the officers of The Texas Society, Daughters of the American Revolution, Inc. The officers of the corporation have from the beginning been charged with wrongdoing and thus, all money expended in the defense of such officers has been unauthorized. Aircraft rental, legal retainer fees, transcripts of court proceedings, advance of lawyer expenses, legal fees and monies expended from corporate funds for the defense of the corporate officers violate the long standing law in this State that a corporate fiduciary may not derive a personal benefit in dealing with the corporation's funds or its property. A corporate officer who diverts funds of the corporation to his own benefit in violation of his fiduciary relationship is personally liable to the corporation for such unauthorized use of corporate funds. *International Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 577 (Tex.1963). In Texas, pursuant to Articles 1396–2.02A(16) and 1396–2.22, Tex.Rev.Civ.Stat.Ann., the Texas Non-Profit Corporation Act, a corporation *may* indemnify any director or officer or former director or officer of the corporation for expenses and costs actually and necessarily incurred by him in connection with any claim asserted against him or in connection with the defense of any claim, suit or proceeding in which he is made a party by reason of being or having been such director or officer, " . . . except in relation to matters as to which he shall be adjudged in such action, suit or proceeding to be liable for negligence or misconduct in performance of duty, . . . ". These provisions are permissive and not mandatory. There is no common law right of indemnification of corporate officers and directors in Texas. Their right to indemnification is purely statutory. Thus, corporate officers, directors, former directors and former officers are not entitled to indemnification pendente lite because there is no statutory provision authorizing the advancement of expenses in connection with litigation against such officers and directors. It is only at the conclusion of the litigation and after which the officers and directors have been absolved from negligence or misconduct in performance of duty that the corporation is authorized to indemnify them. All corporate officers in this case, past, present and future, are charged with notice of the provisions of the statutes relating to indemnification. The statutes are clear that the officers and directors who are charged with wrongdoing are not entitled to indemnification until an adjudication of their actions has been made relative to their negligence or misconduct in performance of duty. Since the officers of the corporation were charged with notice of the indemnity statutes, it follows that they knew the advancement of corporate funds for legal fees and expenses to defend themselves would not be in the ordinary course of business because such actions had no statutory authorization

and would be contrary to the clear implications of those statutes which do authorize indemnification. *Gross v. Texas Plastics, Inc.,* 344 F.Supp. 564 (D.N.J.1972); Model Business Corporation Act § 5 (1971); 20 R. Hamilton, Texas Business Organizations §§ 731 and 845 (1973). The record in this case substantiates a finding that the listed expenditures were not in the ordinary course of business of the corporation and that Mrs. Edman and Mrs. Wickett were aware of such. Mrs. Edman testified that she knew that these lawsuits "were not in the ordinary course of business."

Had the DeWares, as purchasers of the Freeman Plantation, sued The Society for specific performance of the agreement to sell the Freeman Plantation to them, then The Society could have employed attorneys to represent The Society in its defense as being in the ordinary course of business pursuant to Article 1396–2.02 A(2), Tex. Rev.Civ.Stat.Ann., the Texas Non-Profit Corporation Act, which provides that each corporation shall have power to sue and be sued, complain and defend, in its corporate name. However, in a derivative action, such as this case, where the corporation is sued as a nominal party defendant to preserve the status quo and to preserve the assets of the corporation in which the officers of the corporation have been charged with wrongdoing, then, as we have previously pointed out, no funds can be expended by the corporation for the defense of its officers or former officers until those officers have been finally absolved from negligence and misconduct. It was a violation of the temporary injunction for such officers to have expended corporate funds for their defense prior to being cleared of negligence or misconduct.

The Judgment of Contempt entered by this Court on May 10, 1979, is amended to read as follows:

## AMENDED JUDGMENT OF CONTEMPT

The Judgment of Contempt signed and entered by this Court on the 10th day of May, 1979, is hereby rescinded and the following Amended Judgment of Contempt is entered in place of the original Judgment of Contempt:

BE IT REMEMBERED that on the 10th day of May, 1979, came on to be considered the above entitled and numbered matter in which Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett stand charged, by motion and complaint, with contempt of court in failing and refusing to comply with the terms of the decree granting a temporary injunction entered by the 115th Judicial District Court of Marion County, Texas, on or about the 14th day of June, 1977, in Cause No. 147–76, styled Fort Bend Chapter of the National Society, Daughters of the American Revolution, Et Al, plaintiffs, v. Mrs. Hastings Pannill, Et Al, defendants, wherein The Texas Society, Daughters of the American Revolution, Inc., its agents, representatives, officers, attorneys and those in active concert or participation with them, were temporarily enjoined from:

1. Selling, transferring, assigning, hypothecating, encumbering or in any manner disposing of the stocks, and bonds, or proceeds from the sale thereof presently on hand or other assets of The Society.

2. Incurring any indebtedness or expending any sum of money for any purpose other than in carrying on the ordinary business of The Society;

And, it appearing to the Court that the said Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett, officers of The Texas Society, Daughters of the American Revolution, Inc., have been duly cited and given notice herein to show cause, if any they have, why they should not be adjudged to be in contempt for violation of such temporary injunction, and whereupon said parties appeared in person and by and through their attorneys of record and participated in the contempt hearing;

And, whereas, the Court has reviewed the proof of such contempt adduced before the District Judge of the 115th Judicial District Court of Marion County, Texas, pursuant to an order entered by this Court on April 19, 1978, and after

reviewing all of the testimony and evidence offered at said hearing, together with the entire record in this case, and the argument of counsel before this Court, the Court is of the opinion, and so finds that the evidence is clear and convincing that the said Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett have violated the unambiguous terms of said temporary injunction and are guilty of contempt.

It is accordingly ordered, adjudged and decreed by the Court that the said Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett be and they are hereby each held guilty of contempt of court by reason of their numerous violations of the terms of the temporary injunction entered by the District Court of Marion County, Texas, on June 14, 1977, in Cause No. 147–76, styled Fort Bend Chapter, The National Society Daughters of the American Revolution, Et Al v. Mrs. Hastings Pannill, Et Al, and their respective punishment for each contemptuous act hereinafter set out is here fixed by assessing against each the following fines which shall be paid into the registry of this Court on or before the 10th day of October, 1979:

For expending corporate funds in the sum of $105.00 by check No. 230, dated June 23, 1977, for aircraft rental (legal defense), Mrs. Edman and Mrs. Wickett are each fined the sum of $25.00;

For expending corporate funds in the sum of $1500.00 by check No. 231, dated June 23, 1977, for retainer, legal fee, Mrs. Edman and Mrs. Wickett are each fined the sum of $100.00;

For expending corporate funds in the sum of $257.40 by check No. 236, dated July 7, 1977, for transcript (court proceedings), Mrs. Edman and Mrs. Wickett are each fined the sum of $50.00;

For expending corporate funds in the sum $122.00 by check No. 237, dated July 10, 1977, for aircraft rental (legal defense), Mrs. Edman and Mrs. Wickett are each fined the sum of $25.00;

For expending corporate funds in the sum of $1,000.00 by check No. 256, dated September 20, 1977, for advance of lawyer expenses, Mrs. Edman and Mrs. Wickett are each fined the sum of $100.00;

For expending corporate funds in the sum of $1241.20 by check No. 260, dated October 5, 1977, for legal fees, Mrs. Edman and Mrs. Wickett are each fined the sum of $100.00;

For expending corporate funds in the sum of $1,000.00 by check No. 275, dated November 30, 1977, for advance on legal fees, Mrs. Edman and Mrs. Wickett are each fined the sum of $100.00

It is further ordered that the said Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett pay all costs of this proceeding, for which let execution issue.

It is further ordered that the said Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett may each purge herself of such contempt by each paying her fines, totaling $500.00 each, into the registry of this Court on or before the 10th day of October, 1979, together with all costs incurred in this contempt proceeding in the total sum of $3,675.95, which costs are taxed against Mrs. Georgia Bingle Edman and Mrs. Kenneth Wickett, jointly and severally.

Signed and entered on this the 25th day of September, 1979.

/s/ C. L. Ray, Jr.
C. L. Ray, Jr.,
Associate Justice

/s/ Bun L. Hutchinson
Bun L. Hutchinson,
Associate Justice

(Chief Justice Cornelius not participating.)

All motions for rehearing filed by the contemnors are overruled.

CORNELIUS, C. J., not participating.